**Affirmed as Modified and Opinion Filed November 24, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-13-00878-CR

---

### MARIO LOPEZ JUCUP, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 265th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F10-55339-R

---

## MEMORANDUM OPINION

Before Justices FitzGerald, Lang, and Brown
Opinion by Justice FitzGerald

Mario Lopez Jucup waived a jury and pleaded not guilty to continuous sexual abuse of a young child.[1]  After finding appellant guilty, the trial court assessed punishment at thirty years' imprisonment.  On appeal, appellant's attorney filed a brief in which she concludes the appeal is wholly frivolous and without merit.  The brief meets the requirements of *Anders v. California*.[2] The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance.[3]  Counsel delivered a copy of the brief to appellant.[4]

---

[1] *See* TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2013).

[2] 386 U.S. 738 (1967).

[3] *See High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978).

Appellant filed a pro se response raising several issues. After reviewing counsel's brief, appellant's pro se response, and the record, we agree the appeal is frivolous and without merit.[5] We find nothing in the record that might arguably support the appeal.

Although not an arguable issue, we note the trial court's judgment contains an error. In addition to assessing punishment, the trial court stated that appellant was subject to the sex offender registration requirements of Chapter 62 and that the age of the victim was less than fourteen years of age. The trial court told appellant that he would be required to register as a sex offender.[6] The judgment, however, states the sex offender registration requirements "do not apply to the Defendant." We modify the judgment to show that sex offender registration requirements apply and the victim's age was ten years.[7]

As modified, we affirm the trial court's judgment. We order the trial court to issue an amended judgment that reflects this change and to include any other language required by the Texas sex offender registration statutes.

Do Not Publish
TEX. R. APP. P. 47
130878F.U05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

---

[4] *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

[5] *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases).

[6] *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(A) (West Supp. 2013).

[7] *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARIO LOPEZ JUCUP, Appellant

No. 05-13-00878-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 265th Judicial District Court of Dallas County, Texas (Tr.Ct.No. F10-55339-R).
Opinion delivered by Justice FitzGerald, Justices Lang and Brown participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** to show that Sex Offender Registration Requirements do apply to the defendant and that the age of the victim as the time of the offense was ten years.

As modified, we **AFFIRM** the trial court's judgment.

We **ORDER** the trial court to issue an amended judgment that reflects the above changes and to include any other language required by the Texas sex offender registration statutes.

Judgment entered November 24, 2014.